09-4095-ag
Canaj v. Holder

BIA
A097 478 771

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of August, two thousand ten.

PRESENT:
    DEBRA ANN LIVINGSTON,
    GERARD E. LYNCH,
    DENNY CHIN,
        *Circuit Judges*.

_____

SHTJEFEN CANAJ,
        *Petitioner*,

            v.                                      09-4095-ag
                                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Charles Christophe, New York, New York

FOR RESPONDENT:        Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shtjefen Canaj, a native of Kosovo and citizen of the former Yugoslavia, seeks review of a September 9, 2009, order of the BIA denying his motion to reopen. *In re Shtjefen Canaj*, No. A097 478 771 (B.I.A. Sept. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). A party may file only one motion to reopen removal proceedings, and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1),(2). It is beyond dispute that Canaj's motion to reopen was untimely.

## I. Ineffective Assistance of Counsel

Where ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for motions to reopen may be equitably tolled. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006). In order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing his claims during

2

"both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008). We have noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling -- or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

We find no abuse of discretion in the BIA's conclusion that Canaj failed to exercise due diligence where he filed his motion to reopen over one year after he discovered that he received ineffective assistance of counsel. *See id.* Canaj does not deny that he became aware of the BIA's decision in September or October 2007, but asserts that he did not learn that his prior counsel had failed to file a brief until he retained new counsel and that it took him time to file complaints against his former counsel. However, Canaj did not explain when he retained new counsel, when he filed the complaints, nor why obtaining new counsel and filing complaints against his former counsel took over one year. Accordingly, Canaj fails to demonstrate that the BIA abused its discretion in denying his untimely motion. *See Id.*

## II. Changed Country Conditions

The time and number limitations also do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in

3

the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Canaj argues that the BIA abused its discretion in denying his motion to reopen in light of the evidence presented. While the BIA has an obligation to consider the "record as a whole" and may abuse its discretion by denying a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim," *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001), it is not required to "expressly parse or refute . . . each individual . . . piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted). Here, the BIA considered Canaj's evidence, including an affidavit from Prenk Camaj, but determined that any changes were insufficient to warrant reopening and that conditions had, in fact, improved. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).

On this record, we cannot conclude that the BIA erred in evaluating Canaj's evidence. *See Jian Hui Shao*, 546 F.3d at 169; *Ke Zhen Zhao*, 265 F.3d at 93. Thus, we will not disturb its denial of Canaj's untimely motion to reopen.

4

Moreover, the BIA did not err in denying Canaj's CAT claim because it was based on the same factual predicate as his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk